UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MITCHELL-PROFFITT COMPANY,

        Plaintiff,

v.                                CASE NO. 3:03-cv-645-J-25MMH

EAGLE CREST, INC.,

        Defendant.
_____/

**ORDER**

This cause is before this Court on Plaintiff's Motion for New Trial (Dkt. 260), Defendant's Response thereto (Dkt. 309), Defendant's Motion for Attorney Fees (Dkt. 266), Plaintiff's response thereto (Dkt. 313), Plaintiff's Motion to Review Bill of Costs (Dkt. 287), Defendant's response thereto (Dkt. 315), Defendant's Motion to Review Bill of Costs (Dkt. 288) and Plaintiff's response thereto (Dkt. 316).

**I. Background**

This case was tried to a jury and judgment was entered July 29, 2005. Plaintiff recovered $527.89 on Counts 2 and 3 of its amended complaint and Defendant was enjoined from infringing on Plaintiff's copyrights for the USA Wavy Flag and the Navy Wavy Flag. The decal design copyrights claimed by Plaintiff in Counts 1, 4, 5, 6, 7, 9, 10, 11, and 12 were found invalid. Plaintiff was denied injunctive relief sought in Count 14. And, on Count 6 of Defendant's Counterclaim, the Court concluded that six (6) decals designs identified were in the public domain.

**II. Plaintiff's Motion for New Trial**

Plaintiff moves for a new trial pursuant to Rules 59 and 52(b), Fed. R.Civ.P., claiming the

Court made numerous errors during the trial. Specifically, the Plaintiff argues, 1) the Court erred in admitting undated and unauthenticated clip art, 2) the clip art evidence was neither timely disclosed nor fair, 3) the Court erred in allowing "patch comparison evidence", 4) the Court erred in its answer to the jury's question, 5) jury instruction no. 24 was a serious misstatement of the law, 6) the Court erred in allowing the expert testimony of Clements, 7) statutory damages should have been submitted to the jury and 8) the verdict was against the weight of the competent evidence. Each of these arguments were raised during the trial. For the reasons stated on the record at the time of the original objection, Plaintiff's motion is denied.

### III. Defendant's Motion for Attorneys' Fees

Defendant moves for recovery of its attorneys' fees against the Plaintiff in the amount of $588,665.63, and $36,172.43 in costs pursuant to the Copyright Act, 17 U.S.C. § 505, the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.2105 (2003), and the Lanham Act, 15 U.S.C. § 117(a).

### A. Copyright Claims

Defendant claims it is entitled to recover $362,029.36 in fees and $22,246.04 in costs on the copyright claims. Section 505 of the Copyright Act states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of costs.

17 U.S.C. § 505. The Supreme Court has stated that for purposes of § 505 "prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

Case 3:03-cv-00645-HLA-MMH   Document 326   Filed 11/28/05   Page 3 of 13 PageID 6334


The Court of Appeals for the Eleventh Circuit has defined "prevailing party" for purposes of § 505.

> Generally, the prevailing party under the attorneys' fee authorization of section 505 of the Copyright Act is identified as the party succeeding on a significant litigated issue that achieves some of the benefits sought by that party in initiating the suit. "A party's success on a claim that is 'purely technical or *de minimis'* does not qualify him as a 'prevailing party'." [citations omitted].

*Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 853 (11th Cir. 1990). It is clear that Eagle Crest is the prevailing party in this case. Eagle Crest successfully defended 31 of the 33 infringement claims brought by Mitchell-Proffitt Company (Mitchell) and had the copyrights of those decal designs found invalid. Plaintiff was successful on just two decal designs found to be validly copyrighted, was awarded $529 in damages and Defendant is enjoined from producing those images. However, in light of the vast scope of Plaintiff's allegations, the time and resources expended on this case, and because Defendant had ceased the sale of the two copyrighted images before the three week trial even began[1], Plaintiff's success is *de minimis*.

The Court next looks to see if the goals and policies of the Copyright Act would be advanced by awarding Defendant attorneys' fees. As the Supreme Court stated in *Fogerty*, when exercising the discretion to award attorneys' fees, the court must be "faithful to the purposes of the Copyright Act," and it may consider several non-exclusive factors such as "frivolousness, motivation, objective reasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance consideration of compensation and deterrence." 510 U.S. at 534 n. 19.

Eagle Crest argues that it furthered the interests of the Copyright Act by limiting copyright

---

[1] Plaintiff states that Eagle Crest withdrew the American Flag decal in February 2004 and the Navy Wavy Flag decal in November 2004. Plaintiff's Opposition to Defendant's Motion for Attorneys' Fees at p. 5.

protection to only those truly creative and original works, ensuring the boundaries of copyright law are clearly demarcated and encouraging defendants to litigate meritorious defenses, even at great expense. Additionally, Defendant states that attorneys' fees would deter the filing of infringement suits over public domain imagery. Finally, Defendant argues that because it stood to receive no damage award for its defense of copyright claims, this Court should adopt the Seventh Circuit's "very strong" presumption in favor of awarding fees to prevailing defendants. *Assessment Tech. of Wisc., LLC v. Wiredata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004).

Plaintiff responds that one of the goals of the Copyright Act is to discourage infringement, and because Defendant was found to be infringing on two of Plaintiff's copyrights, any award of attorneys' fees would undermine the purposes of the Copyright Act, which is to encourage suits to redress copyright infringement. Additionally, Plaintiff points to *Fogerty's* four factors: 1) frivolousness, 2) motivation, 3) objective unreasonableness and 4) the "need in particular circumstances to advance considerations of compensation and deterrence" and argues that Defendant can prove none of these factors.

The Court finds that the purpose of the Copyright Act would be advanced by awarding Defendant attorney's fees. As stated in *Fogerty*, "The Constitution grants to Congress the power 'To promote the Progress of Science and the useful Arts, by securing for *limited Times* to Authors and Inventors the exclusive Right to their respective Writings and Discoveries'." 510 U.S. at 1029 (emphasis added). "Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible. To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent plaintiff are

4

encouraged to litigate meritorious claims of infringement." *Id.* at 1030. Defendant should be compensated for its vigorous defense of the boundaries of copyright law. Furthermore, the Court considers the *Fogerty* factors and finds that there is a need in this particular circumstance to award fees in order to advance considerations of compensation and deterrence. As stated previously, Plaintiff's complaint was overly inclusive of potential claims, the vast majority of which it failed to prove. Additionally, though Plaintiff did succeed with respect to two of its decals, Defendant had ceased producing the infringing decals before the 19 day trial even started. It would be unjust for Defendant to have to absorb the cost of vigorously defending 31 infringement claims solely because Plaintiff had *de minimis* success. Awarding Defendant attorneys' fees will also deter Plaintiff and similarly situated copyright holders from filing a sweeping complaint which uses one or two meritorious claims to anchor 15 times as many unsupportable claims.

### B. FDUPTA Claims

Defendant seeks $226,636.27 in fees and $13,926.39 in costs incurred in the defense of Plaintiff's Florida Deceptive and Unfair Trade Practices Act (FDUPTA) Claims. Plaintiff was completely unsuccessful on these claims. FDUPTA states in relevant part:

> In any civil litigation resulting from an act or practice involving a violation of this part, ...the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his reasonable attorney's fees and costs from the nonprevailing party.

Fla. Stat. § 501.2105 (2005). Defendant's request for attorney's fees relating to the FDUPTA claims is premature. As Mitchell's appeal rights have not been exhausted, Eagle Crest's motion is denied at this time.

### C. Lanham Act Claims

Defendant also seeks attorneys' fees under the Lanham Act. The Lanham Act states that the Court "in exceptional circumstances award attorney fees to the prevailing party." 15 U.S.C. § 117(a). An award of fees "should only be made in exceptional circumstances and on evidence of fraud or bad faith." *Safeway Stores, Inc. v. Safeway Discount Drugs, Inc.*, 675 F.2d 1160, 1169 (11th Cir. 1982).

The Court granted summary judgment to Eagle Crest on Mitchell's Lanham Act claim finding those claims were more appropriately addressed under copyright law. Defendant claims that Plaintiff acted in bad faith because Plaintiff's Lanham Act "lacked merit" and its claim for damages "lacked any plausible basis." However, the Court does not find sufficient evidence that Plaintiff's Lanham Act claim is one that can be characterized as "malicious, fraudulent, deliberate and willful," *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1336 (11th Cir. 2001), nor evidence of fraud or bad faith which would support the award of fees to Eagle Crest. Defendant's request is therefore denied.

### D. Fee Award

The Court now must determine if Defendant's $362,029.36 fee request is reasonable. In the calculation of attorneys' fees, the Court must apply the law as set forth in *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). The starting point is to multiply hours reasonably expended by a reasonable hourly rate to determine the "lodestar" amount. *Id.* at 1299 (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation. *See Blum v. Stenson*, 465 U.S. 886, 895-96 n.11

(1984). In determining the number of hours reasonably expended, "excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed." *Id.* at 1301.

Because the Court has determined that Defendant can not recover attorneys' fees for all of the claims at issue in this case, the burden rests on Defendant to submit a request for fees which will allow the Court to determine what time was reasonably expended on the successful copyright claims. "In a case where part of the attorney's efforts are to go uncompensated, the burden is on the attorney to provide sufficient evidence for the court to make a correct division." *Loranger v. Stierheim*, 10 F. 3d 776, 782 (11th Cir 1994). Here, Defendant claims it had deducted an unspecified amount of fees for the unsuccessful third-party complaint and time spent dealing with Eagle Crest's insurer on coverage issues. Additionally, Defendant does not specifically break down the billing records by individual claim, but rather allocates 62% of all fees incurred to the copyright claims. Defendant then deducted 6% of the fees due the fact that Eagle Crest was only successful on 31 of 33 copyright claims, and reduced the overall fees by another 10% to account for duplication of efforts. Defendant's broad assumptions are not sufficient evidence for the court to make a correct division. "When a request for attorney's fees does not permit easy division between compensable and non-compensable hours, a district court should require the party to refashion its request...in a form that would allow the district court to clearly delineate between" the compensable claims. *Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994).

Therefore, Defendant must supplement its request for fees with a fee petition that seeks fees for the copyright claims only. Defendant is instructed that the supplemental application shall not exceed five (5) pages in length excluding exhibits of billing records and summaries. The application must clearly delineate the number of hours by attorney, and the rate charged for those hours. The

supplemental application shall be due ten (10) days from the entry of this Order. Plaintiff will have ten (10) days to respond to Defendant's supplemental application. The response shall not exceed five (5) pages excluding exhibits. Failure to supplement by Defendant will result in a denial of its fee request.

### IV. Plaintiff's Motion to Review Bill of Costs

Eagle Crest filed a Proposed Bill of Costs in this action on August 12, 2005 seeking to have the Clerk tax $36,172.43 in costs against Mitchell. The Clerk taxed these costs against Mitchell on August 16, 2005. Mitchell now seeks the Court's review of the Bill of Costs and makes numerous objections. Rule 54, Fed.R.Civ.P., states in relevant part:

> (1) **Costs Other than Attorneys' Fees.** Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

Because the Copyright Act and FDUPTA both expressly provide for the recovery of costs, the Court looks to those statutes in its determination of Plaintiff's motion.

Mitchell first argues that Eagle Crest is not the prevailing party. Mitchell argues that any success by a plaintiff entitles it to prevailing party status. As discussed previously, the Court disagrees. Mitchell can not rest on its minor success in an action that forced Eagle Crest to defend a complaint with sweeping allegations and demanding $1,468,000 in compensatory damages. The prevailing party is the one which succeeded on "a significant litigated issue," and thus it is quite clear that Eagle Crest was the prevailing party in this action. *Cable/Home Comm. Corp. v. Network Prods., Inc.*, 902 F.2d 829, 853 (11th Cir. 1990). Eagle Crest prevailed on 31 of 33 copyright infringement claims brought pursuant to the Copyright Act and thus properly sought $22,246.04 in costs. However, as mentioned previously, although Defendant was the prevailing party on claims

brought pursuant to FDUPTA, Plaintiff has not exhausted all its appeals, and thus a request for costs under this statute is premature. Therefore, Defendant's taxable costs must be reduced in the amount of $13,926.39.

Next, Mitchell makes specific objections to the costs sought by Eagle Crest, claiming the law does not allow them. Though Defendant's request for costs related to the FDUPTA claims is denied at this time, the Court will rule on each of Plaintiff's objections because it is unclear whether each of the objected to costs was incurred with respect to the Copyright Act claims of the FDUPTA claims.

Section 1920 outlines the costs that may be taxed against the non-prevailing party stating in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in this case
> (3) Fees and disbursemenst for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters...

28 U.S.C. § 1920. Mitchell argues that many of the items of cost appearing in the Eagle Crest Bill of Costs are not allowable under this section. Eagle Crest responds to each of the objections. The Court's determinations are as follows:

1. **Copies:** Eagle Crest explains that these copies were produced to Mitchell in March 2004 and related to discovery. Mitchell's objection is overruled.

2. **Haas Deposition:** Mitchell challenges the $200 cost for converting the video of the

testimony to a CD. Eagle Crest maintains this conversion was necessary because Mr. Haas was unavailable for trial and that the presentation qualifies as an exemplification of an exhibit and is recoverable under 28 U.S.C. § 1920(4). However, "exemplification" for purposes of § 1920(4) means "[a]n official transcript of a public record, authenticated as a true copy for use as evidence." *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293 (11th Cir. 2001). Thus, § 1920(4) does not cover the conversion costs. Mitchell's objection will be sustained.

3. **Csakany Deposition:** Mitchell challenges the $132.30 charged for overnight delivery of this deposition. Eagle Crest responds that the entry "copies of subpoenaed documents/staff time" is not an overtime charge, but rather the cost of having the deposition exhibits copied. Mitchell's objection is overruled.

4. **Downtown Business Center Invoice:** Mitchell challenges various charges in this invoice. Eagle Crest explains the charges include $513.26 which was originally billed to Mitchell and remains unpaid, $102.65 was charged for copying and labeling exhibits requested by Mitchell, and that the color copies were necessary to compare the decals to determine the intricate differences. Mitchell's objection is overruled.

5. **Elite Document Solutions:** Mitchell challenges the copying costs and costs of binding exhibits claiming they were not tied to any exhibit used during trial and thus not recoverable. Eagle Crest explains that the copies were made in connection with discovery, the costs challenged were paid in association with document production to Mitchell. As stated earlier, due to the nature of this action, color copies were necessary. Mitchell's objection is overruled.

6. **Henderson Reporting:** Mitchell challenges the costs associated with expediting transcripts. Eagle Crest argues due to deadlines in the case, the expediting of these transcripts was necessary, and points out that Mitchell also requested these charges in its own Bill of Costs. Because the parties agree these charges were necessary, Mitchell's objection is overruled.

7. **Realtime Daily Copy Invoice:** Mitchell challenges $9,978.55 charged for the expedited daily transcripts of the trial. The Court finds these invoices fall outside of the boundaries of § 1920, and thus sustains Mitchell's objection.

8. **Quality Response Services Invoice:** Mitchell challenges charges for copies of documents delivered to them as well as charges for labeling documents. Eagle Crest responds that the copies challenged were associated with documents produced and delivered a year before the trial, and were not the trial exhibits Mitchell claims. Additionally, Eagle Crest claims the labeling was necessary to counteract accusations of non-production. The Court overrules Mitchell's objection to these costs.

9. **Security First Invoices:** Mitchell challenges copying and labeling costs. Eagle Crest responds that the costs were made in association with document production to Mitchell. The Court overrules Mitchell's objections.

10. **Presentation Group Invoices:** Mitchell challenges these charges claiming they are technical support charges and not allowable under § 1920. Specifically, Mitchell challenges $1,240 listed as copies, but described as a down payment on trial/tech support, $3,585.63 charged for scanning of exhibits, and $366.86 for computer imaging of exhibits and $664.95 for manipulating and time stamping video of the Haas Deposition. Eagle Crest responds that because of the numbers of exhibits, it was necessary to have them scanned into a computer

to keep them organized. Eagle Crest argues that the $1,240 was used as partial payment for copy costs. The Court finds the copy costs to be taxable to Plaintiff, however, with respect to the other charges challenged by Mitchell, the Court will sustain those objections. The scanning and computer imaging of exhibits are not covered by § 1920.

Therefore, Eagle Crest's Bill of Costs should be reduced by $14,795.99 in accordance with the above findings. However, because the Court is unable to ascertain to what extent this reduction should come from the Copyright Act claims amount ($22,246.04) and to what extent the reductions should come from the FDUPTA claims amount ($13,926.39), Defendant is instructed to resubmit a bill of costs that takes into account the above Court findings. The Clerk is directed to vacate the current entry of costs, and Defendant has ten (10) days to submit an amended Bill of Costs.

## V. Defendant's Motion to Review Bill of Costs

Mitchell filed a Proposed Bill of Costs in this action on August 12, 2005 seeking to have the Clerk tax $9,711.51 in costs against Eagle Crest. The Clerk taxed these costs against Eagle Crest on August 16, 2005. Eagle Crest now seeks to vacate the Clerk's taxing of costs against Eagle Crest because Mitchell was not the prevailing party in this action.

The Court finds that Mitchell was not the prevailing party in this litigation, and thus should not have been awarded costs. The Court has already performed the prevailing party analysis under the relevant statutes. As discussed previously, Mitchell's claims under the Lanham Act and FDUPTA were completely unsuccessful and thus can not be considered the prevailing party for any of those claims. Similarly, the Court has determined that Mitchell's successful infringement determination on just 2 of the 33 decals at issue is *de minimis*, and thus Eagle Crest is the prevailing party on these claims as well. Because Mitchell is not the prevailing party under any of the relevant

statutes, it should not have been awarded costs. The Court, therefore, grants Defendant's request to vacate the Clerk's taxing of costs.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for New Trial (Dkt. 260) is **DENIED**.

2. Defendant's Motion for Attorney Fees (Dkt. 266) is **GRANTED** in part and **DENIED** in part. Defendant must file a supplemental application that complies with the requirements outlined above within ten (10) days of entry of this Order. Failure to supplement the fee application will result in the denial of attorneys' fees.

3. Plaintiff's Motion to Review Bill of Costs (Dkt. 287) is **GRANTED**. The Clerk is directed to vacate Defendant's Bill of Costs. Defendant may file an amended Bill of Costs in accordance with this Order within ten (10) days.

4. Defendant's Motion to Review Bill of Costs (Dkt. 288) is **GRANTED**. The Clerk is directed to vacate the Bill of Costs taxed against Eagle Crest, Inc. (Dkt. 284).

5. Plaintiff's request for Oral Argument (Dkt. 323) is **DENIED**.

**DONE AND ORDERED** in Chambers this 28th day of, November 2005.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Courtroom Deputy